11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Kendrick Williams

Appellant

Vs.                   No.  11-01-00281-CR B Appeal from Dallas County

State of Texas

Appellee

 

The jury
convicted appellant of unlawful possession of a firearm by a felon.  The trial court found the enhancement
paragraph to be true and assessed punishment at confinement for seven years. We
affirm.  

There is
no challenge to the sufficiency of the evidence.  Senior Corporal Alan Villarreal, with the Dallas Police
Department, testified that on August 21, 2000, he was assigned to answer a
domestic disturbance call at a housing development.  When he arrived, Officer Villarreal observed appellant walking away
from the location, and a female approached Officer Villarreal and informed him
that appellant was part of the disturbance. 
Two other officers also responded to the call.  Officer Audrey Faye Mays testified that, as she arrived at the
location, appellant was running away from the area.  While running, appellant pulled something from the waistband of
his pants and hid it behind a bush. 
Officer Mays apprehended appellant and asked Officer Villarreal to
retrieve the items from the bush. 
Officer Villarreal retrieved a handgun, money, and marihuana from the
bush.  The State presented evidence that
appellant had previously been convicted of 
aggravated assault on June 26, 1996.[1]









In his
sole point of error, appellant argues that he received ineffective assistance
of counsel because his trial counsel Afailed to inquire of the venire panel whether anyone held a bias or
prejudice against appellant.@  In order to determine whether
appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s representation fell below an objective
standard of reasonableness and, if so, then determine whether there is a
reasonable probability that the result would have been different but for
counsel=s errors. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988
S.W.2d 770 (Tex.Cr.App.1999).  We must
indulge a strong presumption that counsel=s conduct fell within the wide range of reasonable professional
assistance; and appellant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial
strategy.  Stafford v. State, 813 S.W.2d
503, 508-09 (Tex.Cr.App.1991).

The record
shows that, after both sides had completed their examinations of the venire
panel and had made challenges for cause, the State notified the trial court
that appellant apparently had a conversation with a prospective juror.  The trial court conducted an
investigation.  Patsy Collins, Venireman
No. 47, stated that appellant approached her at the vending machines and said, AYou don=t think I=m
guilty, do you?@ 
Venireman Collins said that she was afraid and offended by the comment.
Venireman Collins informed the trial court that two prospective jurors possibly
overheard appellant=s
comment and that she told those two prospective jurors about the comment.
Venireman Collins identified the two other prospective jurors for the trial
court.  

Judy
Swindle, Venireman No. 54, stated that, when she went to get a drink out of the
vending machine, she saw someone talking to Venireman Collins.  Venireman Collins told her that it was
appellant and informed her of the comment appellant  made.  Venireman Swindle
said that she had told another venireman, George Hunt, about the incident and
that no one else had heard that conversation. 
Hunt, Venireman No. 53, stated that he had heard Asecondhand@ that appellant had asked someone about whether or not he was guilty. 








The trial
court also questioned Terry Moore, Venireman No. 18, about the incident.  Venireman Moore stated that, as he was
entering the vending machine area, appellant was leaving.  Venireman Moore said that he did not hear
the conversation between appellant and Venireman Collins but that Venireman
Collins was upset over whatever was said. 
Venireman Moore told the trial court that he had not discussed the
incident with anyone else.  

The trial
court found that Venireman Nos. 47, 53, and 54 were after the Acutoff@ determined by the court after challenges for cause had been made and
ruled upon and that Venireman No. 18 had been struck for cause.  The State requested that the trial court
hold appellant=s bond insufficient and remand him to custody
based upon the comment.  Appellant=s trial counsel argued to the trial court in
response to the State=s
request that the infraction was a Avery mild statement@ and that there was no Aattempt to prejudice anybody.@  Appellant=s trial counsel stated that there was Ano harm done@ and that Athe
people that are involved are not on the jury.@ 

Appellant
specifically argues that his trial counsel was ineffective in failing to
request additional time for voir dire Aso that every member of the panel could have been given an opportunity
to voice any concerns they might have about this issue.@  The
record shows that the trial court thoroughly investigated the incident and made
certain that none of the potential jurors involved were seated on the
jury.  There is nothing in the record to
suggest that other potential jurors were aware of the incident.   We will not speculate about counsel's trial
strategy in not questioning the entire venire panel about the incident.  See Jackson v. State, 877 S.W.2d 768
(Tex.Cr.App.1994).  The fact that
another attorney might have pursued a different course of action does not
necessarily indicate ineffective assistance. 
Hawkins v. State, 660 S.W.2d 65, 75 (Tex.Cr.App.1983).   Appellant has not overcome the presumption
that his trial counsel=s
decision was based upon trial strategy. 
Appellant=s sole point of error is overruled.

The
judgment of the trial court is affirmed.

 

TERRY
McCALL

JUSTICE

 

July 11, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]TEX. PENAL CODE ANN. '
46.04(a)(1) (Vernon Supp. 2002) provides that a person convicted of a felony
commits an offense if he possesses a firearm:

 

[A]fter
conviction and before the fifth anniversary of the person=s release from confinement following conviction of the
felony or the person=s release from supervision under community supervision,
parole, or mandatory supervision, whichever date is later.